## GRIMM v. WANDELL.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. TRIAL (§ 284*)—INSTRUCTIONS—FAILURE TO OBJECT—EFFECT.
 Instructions not objected to become the law of the case.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 683–685; Dec. Dig. § 284.*]

2. NEW TRIAL (§ 65*)—VERDICT—POWER TO SET ASIDE.
 A trial court cannot set aside a verdict which is responsive to the evidence and consistent with instructions.
 [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 130; Dec. Dig. § 65.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Arthur Grimm against Charlotte M. Wandell. From an order setting aside a verdict in his favor, plaintiff appeals. Reversed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Graham & Stevenson, of New York City, for appellant.
Arthur T. Warner, of New York City, for respondent.

BIJUR, J. **[1, 2]** The plaintiff, a dentist, sued to recover for making the defendant a set of teeth. The defense was that the teeth were to be made to the satisfaction of the defendant, or at least "a perfect fit the first time," and that they did not fit.

Plaintiff and defendant were the only witnesses. The learned trial judge charged the jury, in part, as follows:

"What was the agreement made, and what is the result of the work? If you find that the teeth were to be made to her satisfaction and she is not satisfied with them, she is not obliged to pay. If you find simply that the teeth were to be made in the regular course of business, and that she kept them an unreasonable time, and never offered to return them, why, those are facts on which you may find that there was an acceptance of the teeth. It is for you to determine * * * if she is liable. If you find that the plain-

tiff has fulfilled his contract, he is entitled to a verdict for $75. If you find that he has not fulfilled his contract, that his work has not been properly done, that the defendant is not satisfied, and that she has not accepted the teeth, your verdict will be for the defendant."

Neither side excepted to this charge (which was, at least, as favorable to the defendant as the evidence warranted), and it thereby became the law of the case. A verdict in favor of the plaintiff was immediately set aside; the judge saying:

"The contract in this case, according to the evidence, is that the teeth were to be made to the satisfaction of the defendant; the teeth not having been made to her satisfaction, she is entitled to the judgment."

The verdict was entirely consistent with the charge, whereas the reasons of the learned court for setting aside the verdict are inconsistent therewith. The questions of fact were properly resolved by the jury in plaintiff's favor, and the court was not warranted in substituting its judgment for that of the jury.

Order reversed, with costs, and verdict reinstated, with costs. All concur.